BRIAN J. STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for United States of America

FILED

MAY 17 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JSC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE TURKISH MINISTRY OF JUSTICE ON BEHALF OF THE 2ND CIVIL COURT OF PEACE OF EDIRNE IN THE MATTER OF SAMI AYTAV V. TUGCE AKSAL and AKSAL MIM. MUH. TUR. SAN. TIC. A.S.

CV MISC. No. 16 80108 MISC

MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO TITLE 28 U.S.C. § 1782

    The United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. In this case, a Turkish Court requests the U.S. Attorney's Office to obtain information and documents from Facebook, Inc. ("Facebook") in Menlo Park, California, which is located within the jurisdiction of this Court. The Turkish Court seeks non-content information related to the Facebook account of Sami Aytav, whose e-mail address to login to Facebook is samiaytav@gmail.com, from the time period of March 23, 2015 to March 24, 2015. The Turkish Court has also requested content information, but the United States is not seeking the content information from Facebook at this time. *See* Declaration of Wendy M. Garbers, Exhibit A.

    The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides that

MPA ISO APPLICATION FOR ORDER PURSUANT
TO TITLE 28 U.S.C. § 1782

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.

28 U.S.C. § 1782(a). The legislative history shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate report states:

> Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.
>
> It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.

S.Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3783.

The proper criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi judicial controversy.

*Seoul District Criminal Court*, 555 F.2d at 723 (citation omitted).

The letter of request in this case shows that the information sought is for use in such proceedings in Turkey and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, the United States asks this Court to honor the request for assistance.

MPA ISO APPLICATION FOR ORDER PURSUANT
TO TITLE 28 U.S.C. § 1782

1     The reception of letters rogatory and the appointment of a Commissioner to execute them are
2 matters customarily handled ex parte, and persons with objections to the request raise those objections
3 by moving to quash any subpoenas issued by the Commissioner. *Tokyo Dist.*, 539 F.2d at 1220.
4 However, the United States has served Facebook with this application and supporting papers, and
5 Facebook does not object to the relief requested therein.
6     WHEREFORE, the United States respectfully requests this Court to issue the accompanying
7 proposed order.

8 DATED: May 17, 2016                    Respectfully submitted,

                                         BRIAN J. STRETCH
                                         United States Attorney

                      By:       */s/ Wendy M. Garbers*
                                         WENDY M. GARBERS
                                         Assistant United States Attorney

MPA ISO APPLICATION FOR ORDER PURSUANT
TO TITLE 28 U.S.C. § 1782